FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 2 1 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| AT&T CORP., | : | |
| Plaintiff, | : | |
|  | : | CIVIL ACTION NO. |
| v. | : | |
|  | : | 1:04-CV-1572-MHS |
| ASSET MANAGEMENT OUTSOURCING, INC., | : | |
|  | : | |
| Defendant. |  | |

### ORDER

This action is before the Court on plaintiff's motion to amend complaint and on defendant's motion to extend deadline and second motion in limine. For the following reasons, the Court denies plaintiff's motion and grants defendant's motions.

Background

Plaintiff AT&T Corporation (AT&T) filed this action seeking to recover $152,743.44 allegedly owed by defendant Asset Management Outsourcing, Inc. (AMO), for unpaid Privateline and Uniplan telecommunications services.

AO 72A
(Rev.8/82)

On August 31, 2005, the Court granted AT&T partial summary judgment as to its claim for $150,652.87 for unpaid Privateline services.[1]

On September 20, 2005, AT&T moved to amend its complaint to increase the amount of damages sought under its breach of contract claim to $282,743.44 and to add a claim for attorneys' fees. Although not spelled out in the proposed amended complaint, the additional $130,000 in damages arises from AMO's alleged failure to satisfy contractual minimum usage requirements with respect to one of two Uniplan accounts. AMO opposes the amendment on grounds of undue delay, waiver, and unfair prejudice.

On October 6, 2005, AMO filed a motion in limine seeking to exclude from evidence certain documents produced by AT&T after entry of the Court's August 31 Order, as well as any documents or evidence relating to claims not pled in the original complaint or contradicting AT&T's previous disclosures and discovery responses. AT&T opposes the motion on the grounds that the documents AMO seeks to exclude are tariff documents filed with the FCC,

---

[1] This is the amount of the claim as stated in AT&T's motion. See Pl.'s Mot. and Mem. of Law in Support of Mot. for Summ. J. at 7. Therefore, although final judgment has not yet been entered, there is no issue remaining as to the amount of AT&T's damages for unpaid Privateline services.

2

AO 72A
(Rev.8/82)

which, under the filed rate doctrine, have the force of law, and which AMO is presumed to have had knowledge of throughout the term of the contract.

Discussion

The Court denies AT&T's motion to amend its complaint because of undue delay in seeking the amendment. Although AT&T characterizes the proposed amendment as merely a change to the amount of damages sought and not the addition of new claims, it is clear that the amendment would in fact add two new claims not contained in the original complaint: a claim for AMO's failure to satisfy minimum usage requirements and a claim for attorneys' fees.

AT&T states that it became aware of these claims "[d]uring the course of discovery." Mot. to Amend Compl. at 1. However, at the time it filed the original complaint, AT&T must have known the facts underlying the minimum usage claim and either knew or should have known that it had a contractual claim for attorneys' fees. Nevertheless, AT&T waited more than a year after the deadline established in the Joint Preliminary Report and Discovery Plan before seeking to add these claims to its complaint.

Even if, as AT&T contends, it only became aware of these claims during the course of discovery, AT&T still fails to explain why it waited more than six months after discovery had ended, after the Court had already ruled on motions for summary judgment, and a little more than a week before the pretrial order was due, before it sought leave to add these claims to its complaint. Given this inordinate and unexplained delay, the Court declines to permit the amendment.

In light of the foregoing ruling, the Court grants AMO's second motion in limine and related motion to extend deadline. AMO's motion in limine relates to evidence supporting AT&T's proposed additional claims for minimum usage shortfalls and for attorneys' fees. Since the Court has ruled that AT&T will not be permitted to add these claims to its complaint, the evidence cited is irrelevant to any issue in this case and therefore will be excluded.

Finally, in light of these rulings, the Court notes that the only remaining issue for trial is the amount of AT&T's damages for unpaid Uniplan services, and that the maximum amount of such damages is $2,090.57. This is the difference between the $152,743.44 sought in AT&T's

complaint and the $150,652.87 for unpaid Privateline services as to which the Court has already granted AT&T summary judgment. Given the small amount remaining in dispute, the Court directs the parties to confer in an effort to settle this case. If no agreement is reached within thirty days of the date of entry of this order, the Court intends to refer the case to mediation.

Summary

For the foregoing reasons, the Court DENIES plaintiff's motion to amend complaint [#72], GRANTS defendant's second motion in limine to exclude evidence [#81], GRANTS defendant's motion to extend deadline [#84], and DIRECTS the parties to confer in an effort to reach a settlement within thirty (30) days of the date of entry of this order. If no settlement is reached, the Court DIRECTS the Clerk to resubmit this case at the expiration of the above time period so the Court may enter an order referring the case to mediation.

IT IS SO ORDERED, this 21 day of October, 2005.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)